IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

COURTNEY J. PRESTON,

    Petitioner,
v.                                              CASE NO. 1:18-cv-68-AW-GRJ

SEC'Y, FLA. DEP'T. OF
CORR.,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2012 conviction in Alachua County for first-degree murder and armed home-invasion robbery, which he later amended. ECF Nos. 1, 7. Respondent filed a Motion to Dismiss and Incorporated Memorandum of Law along with relevant portions of the state-court record, seeking to dismiss the Petition as untimely. ECF No. 21. Petitioner filed a Response. ECF No. 23. The Motion is therefore ripe for review.

### I. Background

On February 24, 2012, Petitioner was convicted in Alachua County, Florida, of first-degree murder and armed home invasion robbery and

1

sentenced to life imprisonment. ECF No. 21-1. Petitioner appealed, and the Florida First District Court of Appeal (DCA) affirmed his judgment and sentence in a *per curiam* decision entered on August 30, 2013. *Preston v. State*, 119 So. 3d 1252 (Fla. 1st DCA Aug. 30, 2013).[1]

On September 6, 2014, Petitioner submitted a petition for writ of habeas corpus to prison officials at Hamilton CI for mailing alleging ineffective assistance of appellate counsel pursuant to Fla. R. App. P. 9.141(d). ECF No. 21-2 at 1. The Florida First DCA denied the petition on the merits in a *per curiam* decision entered on April 8, 2015. ECF No. 21-2 at 16. Petitioner then filed a "Motion for Rehearing/Written Opinion/Clarification," which the First DCA denied on May 15, 2015. *Id.* at 21; *Preston v. State*, 163 So. 3d 572 (Fla. 1st DCA May 15, 2015).

On June 12, 2015, Petitioner submitted a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 to prison officials at Century CI for mailing. ECF No. 21-3 at 10. The Florida First DCA affirmed the denial of the Motion in a *per curiam* decision entered on January 31, 2018 and issued its mandate on February 28, 2018. ECF No. 21-4 at 2; *Preston v. State*, 241 So. 3d 84 (Fla. 1st DCA Jan. 31, 2018).

---

[1] No record of the appeal is included in the attachments to Respondent's Motion.

2

On April 12, 2018, Petitioner submitted his federal Petition for writ of habeas corpus to prison officials at Hardee CI for mailing. ECF No. 1 at 1. The Petition was deficient, however, because Petitioner did not file the petition on the form utilized by this Court. Accordingly, the Court ordered Petitioner to file an amended petition on the appropriate form. ECF No. 4. Petitioner submitted his Amended Petition to prison officials at DeSoto CI for mailing on May 17, 2018. ECF No. 7 at 21.

## II.  One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

>> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the one-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Regarding Florida proceedings, the Eleventh Circuit Court of Appeals recognizes the following as "application[s] for State post-conviction or other collateral review" under § 2244(d)(2): (1) a motion for state postconviction relief filed pursuant to Rule 3.850, *See Day v. Crosby*, 391 F.3d 1192, 1192–93 (11th Cir. 2004) (*per curiam*); (2) a motion to correct an illegal sentence filed pursuant to Rule 3.800(a), *Ford v. Moore*, 296 F.3d 1035, 1036, 1040 (11th Cir. 2002) (*per curiam*); and (3) a motion for rehearing on the denial of a motion to correct an illegal sentence, *Nix v. Sec'y, Dep't of Corr.*, 393 F.3d 1235,

4

1237 (11th Cir. 2004) (*per curiam*). *Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 987 (11th Cir. 2019). Any appeals filed in a state court from the denial of these motions also qualify as "application[s] for State post-conviction or other collateral review." *Id.*, citing *Ford*, 296 F.3d at 1040. Additionally, a state habeas petition initially filed in a Florida intermediate appellate court tolls the AEDPA statute of limitations. *See Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 620 (11th Cir. 2019).

### III.  Discussion

As an initial matter, because Petitioner filed his petition after April 24, 1996, the AEDPA governs his petition. The petition is, therefore, subject to the AEDPA's one-year limitation period.

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2006). A petitioner has a

90-day period in which to file a certiorari petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix*, 393 F.3d at 1237; *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

In this case, the Florida First DCA affirmed Petitioner's conviction in a *per curiam* decision on August 30, 2013. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . ."). Under Florida law, the Florida Supreme Court lacks jurisdiction to hear an appeal from a *per curiam* affirmance of a conviction by a lower state appellate court. *Williams v. Sec'y, Fla. Dep't of Corr.*, 674 F. App'x 975, 976 (11th Cir. 2017) (citing *Jenkins v. State*, 385 So.2d 1356, 1359 (Fla. 1980)). Accordingly, Petitioner's conviction became final for purposes of § 2254 on November 28, 2013, at the conclusion of the ninety-day period for seeking review in the United States Supreme Court. *See Williams v. Sec'y, Fla. Dep't of Corr.*, 674 F. App'x 975, 976 (11th Cir. 2017) (After the final state court of appeals rules on a § 2254 petitioner's conviction, the one-year limitations period does not begin to run until the 90-day window to petition the United

States Supreme Court for a writ of *certiorari* expires). Thus, the AEDPA limitations period began to run the following day, on November 29, 2013, and Petitioner had 365 days from that date to file a timely § 2254, absent statutory or equitable tolling.[2]

Petitioner's AEDPA statute of limitations ran for 281 days, until September 6, 2014, the date Petitioner submitted his habeas corpus action to prison officials at Hamilton CI for mailing alleging ineffective assistance of appellate counsel pursuant to Fla. R. App. P. 9.141(d). *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) (A prisoner's pleading is considered filed on the date the prisoner delivers the filing to prison authorities for mailing to the court.). The statute of limitations tolled from September 6, 2014 until the First DCA's order denying rehearing was entered on May 15, 2015. *See Moore*, 762 F. App'x at 620 (an unappealed state habeas

---

[2] *See* Fed. R. Civ. P. 6(a)(1) ("[I]n computing any time period specified in . . . any statute that does not specify a method of computing time . . . [we must] exclude the day of the event that triggers the period [,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period," unless the last day is a Saturday, Sunday, or legal holiday."); *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (AEDPA's one-year limitation period begins to run from the day after the Supreme Court enters an order denying the petition for writ of certiorari) (citation omitted); *Green v. Sec'y, Fla. Dep't of Corr.*, 716 F. App'x 877, 879 (11th Cir. 2017) (calculating the beginning of the AEDPA limitations period from the day after the petitioner's conviction became final due to expiration of the 90-day window to petition the United States Supreme Court for a writ of *certiorari*).

petition initially filed in a Florida intermediate appellate court remains pending for AEDPA purposes until the intermediate appellate court denies a rehearing, if one is requested.).

The statute of limitations ran again for 27 days, until Petitioner submitted his Rule 3.850 motion to prison officials for mailing on June 12, 2015. The statute of limitations tolled from June 12, 2015 until February 28, 2018, when the First DCA issued its mandate. *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that 3.850 motion remains pending until mandate issues). The statute of limitations ran again without tolling for another 42 days, until Petitioner submitted his federal petition for habeas corpus to prison officials for mailing on April 12, 2018. On the April 12, 2018 filing date, 350 days (281 + 27 + 42) of the AEDPA statute of limitations period had elapsed. Therefore, the Petition was timely filed.

Respondent's calculation of the AEDPA statute of limitations differs in two material respects. First, Respondent asserts that, under the mailbox rule, Petitioner filed his habeas corpus action pursuant to Fla. R. App. P. 9.141(d) in the First DCA on September 30, 2014 instead of September 6, 2014. ECF No. 21 at 1. Second, Respondent asserts that Petitioner filed his federal Petition on May 17, 2018, rather than April 12, 2018. *Id.* at 3. By

8

Respondent's calculation, 407 days of untolled time elapsed before Petitioner filed his federal petition, rendering it untimely. *Id.*

Respondent submitted a copy of Petitioner's state petition for habeas corpus relief under Fla. R. App. P. 9.141(d), which clearly reflects that Petitioner delivered the pleading to prison officials at Hamilton CI for mailing on September 6, 2014. ECF No. 21-2 at 1.

"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Florida Supreme Court has adopted the "mailbox rule" for *pro se* prisoners. *Haag v. State*, 591 So.2d 614, 617 (Fla. 1992). "Under the mailbox rule, a petition or notice of appeal filed by a *pro se* inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state." *Id.* Thus, under the mailbox rule, Petitioner's state petition for habeas corpus was filed in the First DCA on September 6, 2014, the day he turned it over to prison officials for mailing.

Further, under the mailbox rule, Petitioner's federal Petition was timely filed on April 12, 2018, when he delivered it to prison officials at Hardee CI for mailing. Petitioner submitted an Amended Petition to prison

9

officials for mailing on May 17, 2018, but in this case the Amended Petition relates back to the original Petition.

In the context of a § 2254 petition, an amended claim that would be time-barred pursuant to the AEDPA's one-year limitations period may be timely if it relates back to the original petition. Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). An amended claim "relates back to the date of the original pleading" if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2); *Davenport*, 217 F.3d at 1344.

Here, Petitioner's Amended Petition asserts the same three grounds for relief as asserted in the original Petition, at times verbatim, and therefore relates back to the original Petition. Thus, April 12, 2018, the date the original Petition was filed, is the operative date for AEDPA filing purposes. Using the April 12, 2018 filing date, Petitioner's federal Petition is timely filed.

As a final matter, Respondent asserts Petitioner has alleged no facts demonstrating he is entitled to equitable tolling. ECF No. 21 at 3-6. In response, Petitioner concedes he has not alleged grounds for equitable

tolling because the Petition is timely and "equitable tolling is not needed for this case." ECF No. 23 at 4. Petitioner is correct. The Petition in this case is timely filed, and Respondent's Motion to Dismiss is therefore due to be denied.

## IV. Recommendation

Accordingly, it is respectfully **RECOMMENDED:**

Respondent's Motion to Dismiss and Incorporated Memorandum of Law, **ECF No. 21**, should be **DENIED**.

**IN CHAMBERS** this 24th day of September 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.